NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 27, 2023

Rubin Sinins
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins
505 Morris Avenue
Springfield, NJ 07081
*Counsel for Defendant Carolyn Jackson*

Carol Dominguez
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102
*Counsel for Defendant John E. Jackson*

Desiree L. Grace
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:** *United States v. Carolyn Jackson, et al.*
**Criminal Action No. 13-290 (SDW)**

Counsel:

Before this Court is Defendants Carolyn Jackson ("Carolyn") and John E. Jackson's ("John," together with Carolyn, "Defendants") motion for release during the pendency of their appeals. (D.E. 532, 538 ("Motion").) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendants' Motion.

**DISCUSSION**

A.

This Court again writes only for the parties and, accordingly, incorporates the background sections from its letter opinions dated August 7, 2023, and September 15, 2023. (D.E. 500 at 1–3 ("August 7 Opinion"); D.E. 516 at 1–3 ("September 15 Opinion").)

In sum, "[D]efendants were charged with what can accurately be described as incredibly inhumane treatment approaching (if not actually amounting to) torture of the minor [foster] children whose care and well-being had been entrusted to them." *United States v. Jackson*, 862 F.3d 365, 404 (3d Cir. 2017) ("*Jackson I*") (McKee, J., dissenting). In July 2015, following a 39-day trial, a jury "found that Defendants agreed to endanger—and endangered—the welfare of Joshua, J, and C, which, as the jury instructions indicated, resulted in a number of serious injuries and medical condition[s]." *Id.* at 403 (majority opinion).[1] Following that verdict, Defendants were sentenced three times by the Honorable Katharine S. Hayden, and each time, the Third Circuit vacated those sentences. *See Jackson I*, 862 F.3d at 403; *United States v. Jackson*, 819 F. App'x 97, 102 (3d Cir. 2020) ("*Jackson II*"); *United States v. Jackson*, Nos. 21-3122, 21-3123, 2023 WL 2755578, at *5 (3d Cir. Apr. 3, 2023) ("*Jackson III*"). In vacating the trial court's third sentence, the *Jackson III* panel remanded the case for resentencing and ordered that the matter be reassigned to a different judge. *Jackson III*, 2023 WL 2755578, at *4–5.

On April 19, 2023, Chief Judge Renée M. Bumb assigned the case to this Court. (D.E. 485). One month later, Defendants filed a motion in which they argued that the imposition of any further sentence would violate their rights under the Double Jeopardy and Due Process Clauses of the Constitution. (D.E. 493, 495.) This Court denied that motion on August 7, 2023, holding that Defendants' arguments had no basis in precedent or practical considerations. (D.E. 500, 501.) Defendants appealed that decision, and subsequently argued that those appeals divested this Court of jurisdiction to proceed with resentencing. (D.E. 503, 506–08.) This Court disagreed and proceeded with resentencing. (D.E. 516, 517.) On October 30, 2023, this Court sentenced Carolyn to a term of 140 months' imprisonment followed by three years of supervised release, and John to a term of 108 months' imprisonment followed by three years of supervised release. (D.E. 528, 530.)

On November 3, 2023, Carolyn simultaneously filed a notice of appeal and the instant Motion.[2] (D.E. 531, 532.) On November 8, 2023, the Government filed its opposition to the Motion. (D.E. 534.) The next day, Carolyn filed a reply. (D.E. 537.)

---

[1] As this Court explained in the August 7 Opinion:

> Defendants were found guilty of the following: conspiring from August 2005 to April 2010 to engage in acts that endangered their three foster children (Count 1); physically assaulting all three children with various objects and their hands (Counts 3, 6, and 12); withholding adequate water from J and C and prohibiting these children from drinking water (Counts 4 and 8); forcing J to ingest hot sauce, red pepper flakes, and raw onion, and forcing C to ingest hot sauce and red pepper flakes (Counts 5 and 9); and withholding prompt and proper medical care for C's dehydration and elevated sodium levels (Count 11). In addition, the jury found Carolyn—but not John—guilty of withholding sufficient nourishment and food from Joshua (Count 2), and "[c]ausing [C] to ingest excessive sodium and a sodium-laden substance while restricting [C's] fluid intake, causing [C] to suffer hypernatremia and dehydration, a life[-]threatening condition," (Count 10).

(D.E. 500 at 2.)

[2] John joined the Motion on November 14, 2023. (D.E. 538.)

2

B.

At bottom, Defendants ask this Court to allow them to remain released until the resolution of their appeals. (*See generally* D.E. 532.) Defendants have failed to demonstrate that their appeals raise a substantial question of law likely to result in a more favorable result, and therefore, the Motion will be denied.

**The Bail Reform Act**

"The Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established under the prior statute . . . ." *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985). This intent is clear from the statutory text, which provides:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, be detained, unless the judicial officer finds—
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (emphasis added). The defendant bears the burden of proving these criteria. *Miller*, 753 F.2d at 24.

The parties seemingly agree that Defendants are unlikely to flee or pose a threat to the community. 18 U.S.C. § 3143(b). The central issue before this Court, then, is whether Defendants have carried their burden of demonstrating that their appeals raise a substantial question of law or fact likely to result in a more favorable sentence. They have not.

**Substantial Question**

A substantial question is one that implicates an issue that is novel, fairly doubtful, or has not been decided by controlling precedent. *Miller*, 753 F.2d at 23. The question must also be significant—*i.e.*, fairly "debatable among jurists." *United States v. Smith*, 793 F.2d 85, 88, 90 (3d Cir. 1986). An issue that is not governed by controlling precedent, but which is "patently without merit," cannot qualify as significant. *Id.* at 89.

Defendants contend that their appeals raise three substantial questions that justify their release during the pendency of the appeals: (1) whether resentencing violated their rights under

the Double Jeopardy and Due Process Clauses; (2) whether the jury should have been charged "that, in order to convict on the child endangerment charges, serious bodily injury had to have been found to have occurred or been threatened"; and (3) whether judicial fact-finding in this case was unconstitutional. (D.E. 532-1 at 2–7.) This Court addresses each issue in turn and finds that they do not amount to substantial questions of law.

*First*, this Court has already considered and rejected Defendants' argument that a defendant who has finished serving a sentence that is subject to review on direct appeal has a reasonable expectation of finality. (D.E. 500 at 4–8.) In reaching that decision, this Court held that "criminal defendants can have no true expectation of finality in cases where . . . the government timely exercises its statutorily granted right to file a direct appeal of an erroneous sentence," (*id.* at 7), and explained that such a rule would lead to absurd results, ((*id.* at 5 n.6) (noting that an "I-finished-my-sentence" rule in that context would "provide unjustified windfalls" to criminal defendants who received erroneously low sentences)). After Defendants appealed that decision, this Court decided that the appeals did not divest it of jurisdiction, because they were "procedurally frivolous," "substantively specious," "wholly unsupported by binding precedent," and "extremely unlikely" to have merit. (*See generally* D.E. 516.)

Defendants now contend that, since this Court's August 7 and September 15 decisions, they have uncovered precedent that further supports their double jeopardy and due process arguments. (D.E. 532 at 2–4.) Defendants' attempts to again cull together dicta from inapposite cases are unpersuasive. To be sure, none of the cases on which Defendants now rely involve defendants whose sentences were challenged by timely, direct appeals. *See State v. Houston*, 795 N.W.2d 99 (Table), 2010 WL 5050564 (Iowa Ct. App. Dec. 8, 2010) (no direct appeal by the government); *People v. Williams*, 925 N.E.2d 878 (N.Y. 2010) (same); *State v. Van Lehman*, 427 P.3d 840 (Kan. 2018) (same); *Lanier v. State*, 270 So. 3d 304 (Ala. Crim. App. 2018) (same); *Commonwealth v. Selavka*, 14 N.E.3d 933 (Mass. 2014) (same); *State v. Schubert*, 53 A.3d 1210 (N.J. 2012) (same); *State v. Holdcroft*, 1 N.E.3d 382 (Ohio 2013) (same).[3] To the contrary, several of the cases cited by Defendants reinforce this Court's holding in the August 7 Opinion—*i.e.*, that criminal defendants can have no expectation of finality in a sentence that is subject to review on direct appeal. *See, e.g.*, *Williams*, 925 N.E.2d at 888 ("So long as an illegal sentence is subject to correction, a defendant cannot claim a legitimate expectation that the originally-imposed, improper sentence is final for all purposes."); *Lanier*, 270 So. 3d at 310 ("[W]e hold that a trial court loses jurisdiction to correct an illegal sentence once that sentence expires *and the direct appeal has been completed or the time to appeal has lapsed . . . .*" (emphasis added)); *Schubert*, 53 A.3d at 1221 (explaining that defendants cannot have "a legitimate expectation of finality in his sentence" when "the government's intention to appeal was known to all"); *Holdcroft*, 1 N.E.3d at 387 (noting "the accepted general principle that a defendant has no legitimate expectation of finality in a sentence that remains subject to direct review"). Accordingly, Defendants have failed to carry their burden of demonstrating that this issue is significant.[4] *Id.* at 88, 90.

---

[3] Notably, the cases on which Defendants now rely all predate this Court's August 7 and September 15 decisions and, thus, could have been presented to this Court while it considered the motions underlying those opinions. In any event, the newfound cases do not warrant an alternative outcome—they are inapposite.

[4] Although this Court did not hold in its September 15 Opinion that Defendants' appeals were substantively frivolous, that is a far cry from suggesting that they raise substantial questions. *See Smith*, 793 F.2d at 89 ("[A] 'substantial

***Second***, Defendants' unspecific and unsupported contentions regarding the jury instructions from the 2015 trial are not substantial.[5]  In support of their position, Defendants reference the trial court's "remark[s] on the need for guidance from a higher [c]ourt" regarding certain jury instructions, and note that both the majority and dissent in *Jackson I* discussed the dispute over jury instructions.  (D.E. 532-1 at 4; D.E. 537 at 5–7.)  By doing so, Defendants merely present a question; they do not, however, identify what their argument is nor explain how it is any different from standard—*i.e.*, not substantial—questions raised on appeal.  *See Miller*, 753 F.2d at 21–23 (explaining the presumption in favor of the detention of defendants who file post-conviction appeals that are not shown to raise substantial questions).  In sum, although Defendants may litigate on appeal the dispute over the jury instructions, they have failed to demonstrate that, at this stage, a substantial question arises therefrom.

***Third***, Defendants' argument regarding judicial fact-finding is plainly not a substantial question; it is not an issue "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  *Miller*, 753 F.2d at 23.  As Defendants admit, the Third Circuit has repeatedly and definitively spoken on this issue, including in opinions issued in this case.  *Jackson I*, 862 F.3d at 390–91 ("[T]he District Court must now make the requisite findings of fact (under a preponderance of the evidence standard) in order to calculate this range (which includes deciding whether the aggravated assault guideline applies pursuant to the cross-reference as well as applying any relevant sentencing enhancements)."); *Jackson III*, 2023 WL 2755578, at *3 (vacating Defendants' sentences because "the District Court . . . refused to make the requisite findings of fact under the preponderance standard").  In the face of that unequivocal, binding precedent, this Court cannot find that Defendants' judicial fact-finding argument raises a substantial question.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **DENIED**.  An appropriate order follows.

    \_\_\_/s/ Susan D. Wigenton_____
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

question' is one of more substance than would be necessary to a finding that it was not frivolous . . . ." (quoting *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985))).

[5] The Government insists that Defendants have failed to preserve this argument and, thus, have waived it.  (D.E. 534 at 4.)  Because this Court finds that Defendants have not raised a substantial question regarding the jury instructions, it need not reach the Government's waiver argument.